# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| RANBURN CORPORATION d/b/a ) <br> RANBURN CLEANERS, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARGONAUT GREAT CENTRAL ) <br> INSURANCE COMPANY, *et al.,* ) <br>     Defendants. ) <br> ) <br> ) <br> NATIONAL FIRE AND INDEMNITY ) <br> EXCHANGE, ) <br>     Counterclaimant, ) <br> ) <br> v. ) <br> ) <br> RANBURN CORPORATION d/b/a ) <br> RANBURN CLEANERS, ) <br>     Counterclaim Defendant. ) <br> ) <br> MERIDIAN MUTUAL INSURANCE ) <br> COMPANIES n/k/a STATE AUTO ) <br> INSURANCE COMPANIES, ) <br>     Counterclaimant, ) <br> ) <br> v. ) <br> ) <br> RANBURN CORPORATION d/b/a ) <br> RANBURN CLEANERS, ) <br>     Counterclaim Defendant. ) | CAUSE NO.: 4:16-CV-88-RL-PRC |

## **OPINION AND ORDER**

This matter is before the Court on Non-Party Elliot Gross' Emergency Motion to Quash or For Protective Order [DE 131], filed on July 19, 2018. On July 20, 2018, the Court received telephonic notification that the motion was no longer an emergency motion. Briefing on the motion was conducted according to the usual schedule. Defendant Meridian Mutual Insurance Companies,

now known as State Auto Insurance Companies ("State Auto"), filed a response on August 2, 2018. Gross filed a reply on August 8, 2018.

This litigation was brought by an insured party, Ranburn Corporation, doing business as Ranburn Cleaners ("Ranburn"), against its insurers, regarding the rights and duties of the insured and insurers, especially in regard to an underlying environmental claim brought by the Indiana Department of Environmental Management (IDEM) against Ranburn regarding property at which Ranburn operated a laundry facility.

On March 28, 2018, the Court issued an Opinion and Order granting partial summary judgment in favor of Defendants, and entered a declaratory judgment that Defendants "have the right to select and retain the environmental consultant to assist in the defense of the underlying IDEM suit and conduct the response action at no cost to Ranburn Corporation." (J. Civil Action 1-2, ECF No. 113). The Court reset discovery deadlines for the remaining claims and counterclaims.

State Auto noticed Gross for a non-party deposition to be held on July 23, 2018, in Carmel, Indiana. Document requests were also attached to the subpoena. Gross objected to the subpoena on July 9, 2018. State Auto and Gross were unable to completely resolve the dispute, so Gross filed the instant motion on July 19, 2018, arguing that the subpoena imposes an undue burden on him.

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(A)(iii), a party may serve a subpoena commanding a nonparty to testify at a deposition and produce designated documents. Rule 45(d)(3)(A)(iv) requires a court to quash or modify a subpoena based on a timely motion if the subpoena subjects a person to an undue burden. Factors considered in determining whether a subpoena is unduly burdensome include non-party status, relevance, the issuing party's need for the discovery, and the breadth of the request. *Uppal v. Rosalind Fraklin Univ. of Med. & Sci.*, 124 F.

Supp. 3d 811, 813 (N.D. Ill. 2015). The party seeking to quash the subpoena bears the burden of proving that it is unduly burdensome. *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012).

The broad scope of discovery, which applies to discovery requests sent to nonparties as well as parties, permits a party to seek information

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1); *Noble Roman's Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 307 (S.D. Ind. 2016) ("The limits and breadth of discovery expressed in Rule 26 are applicable to non-party discovery under Rule 45."). When a party seeks discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or is outside of the scope of discovery, the Court must limit discovery. Fed. R. Civ. P. 26(b)(2)(C).

The underlying IDEM matter began on November 4, 2009. At that time, Gross was a shareholder of Ranburn. State Auto states—and Gross does not refute—that Gross is a former president and principal shareholder of Ranburn. He sold his shares in the company in the spring of 2015. Ranburn listed Gross in its initial disclosures as an individual likely to have discoverable information, specifying that "Mr. Gross possesses knowledge concerning Ranburn's interaction with the insurers and the reasons and circumstances surrounding the decision to sell Ranburn." (Resp. Ex. 1 at 2, ECF No. 143-1).

3

The claims that remain pending in this litigation include Ranburn's claim for declaratory judgment that the insurers must honor Ranburn's selection of defense counsel, Ranburn's claim for declaratory judgment "regarding Ranburn's rights and obligations concerning the subject insurance policies, policy limits and any other issues in dispute," (Compl. 12, ECF No. 1), and counterclaims for declaratory judgment regarding Ranburn's obligations to cooperate with the insurers in regard to the IDEM claim and to provide access to the property in question.

Gross asserts that State Auto's subpoena does not seek relevant information and causes an undue burden. Gross argues that he has no personal knowledge of any facts relevant to the pending claims. He also represents that he has no documents for the period after he sold his shares in Ranburn, that all documents that he possesses for the period prior to selling his shares have already been the subject of discovery requests, and that he has no new documents or information relevant to the remaining issues in the case.

In response, State Auto states that it withdrew the only document request specifically objected to and agreed that Gross need not produce documents already produced by others in the litigation. State Auto notes that Gross and Ranburn share counsel, which should facilitate determining which documents have already been produced. State Auto also points out that it scheduled the deposition to occur in the county in which Gross resides and indicated a willingness to consider locations even closer to Gross's home.

State Auto rejects Gross's blanket assertion that he has nothing relevant to offer, noting the subjects of which Gross has knowledge identified in the initial disclosures, the pending claims, and Gross's involvement in Ranburn at the time the insurance policies were purchased.

Gross replies that State Auto has not shown why it needs to depose Gross, but that shifts the burden to the wrong party. Gross bears the burden of showing that the subpoena is unduly burdensome. For the first time in his reply, Gross identifies particular document requests that he considers to be overly burdensome. Arguments raised for the first time in a reply are waived, *Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011), so the Court will not analyze the propriety of specific document requests here.

Though Gross maintains that *WM High Yield v. O'Hanlon,* 460 F. Supp. 2d 891 (S.D. Ind. 2006), is on point and indicates that the present subpoena should be quashed, that case is distinguishable. There, the nonparty had a much more tangential connection to the litigation: the nonparty investment advisor managed a funding corporation that was a former plaintiff in the underlying securities fraud litigation, and the nonparty's management of the former plaintiff began after the purchase of certain bonds. *Id.* at 892, 896. Here, Gross is the former president and principal shareholder in Ranburn, the current plaintiff, and held these roles at times relevant to this litigation.

Further, it is reasonable to conclude that an individual listed in an initial disclosure as likely having discoverable information on a particular subject area relevant to the litigation will have information relevant to the litigation. *See Nw. Univ. v. City of Evanston*, No. 00 C 7309, 2001 WL 743756 *2 (N.D. Ill. June 29, 2001) (finding, pursuant to a previous version of Fed. R. Civ. P. 26, that "[w]hile listing [in intial disclosures] these two [nonparty] witnesses as likely to have discoverable information is not a guarantee that they possess any of the information sought by [the issuing party], it is reasonable to conclude that they could have some information that would likely 'produce or lead to admissible evidence,' and it is only fair to allow [the issuing party] to seek this information through depositions."). Gross has not shown that his knowledge and other discoverable

5

information was connected only to the resolved claims. On the arguments presented, the Court cannot find this information to be irrelevant to the pending claims.

The discovery sought is relevant and not overly broad in light of the pending issues and representation of Gross's knowledge in Ranburn's initial disclosure. Though Gross is a non-party to this litigation, State Auto has made efforts to ease the burden placed on Gross by agreeing that duplicate documents need not be produced and by scheduling the deposition to occur close to Gross's home. Though Gross will undoubtedly bear some burden in complying with the subpoena, Gross has not shown that the subpoena is unduly burdensome.

Based on the foregoing, the Court hereby **DENIES** Non-Party Elliot Gross' Emergency Motion to Quash or For Protective Order [DE 131]. Based on the agreement of State Auto, the Court **ORDERS** that Gross shall not be required to produce documents that have previously been produced in this litigation.

SO ORDERED this 24th day of August, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT