UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| RANBURN CORPORATION d/b/a RANBURN CLEANERS, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 4:16-cv-00088-RL-PRC |
| ARGONAUT GREAT CENTRAL INSURANCE COMPANY, et al., | ) ) | |
| Defendants. | ) ) | |
| | ) ) | |
| NATIONAL FIRE AND INDEMNITY EXCHANGE | ) ) | |
| Cross-Claimant, | ) ) | |
| v. | ) ) | |
| RANBURN CORPORATION d/b/a RANBURN CLEANERS | ) ) | |
| Counterclaim Defendant | ) ) | |
| | ) ) | |
| MERIDAN MUTUAL INSURANCE n/k/a STATE AUTO INSURANCE COMPANIES | ) ) ) | |
| Counter-Claimant | ) ) | |
| v. | ) ) | |
| RANBURN CORPORATION d/b/a RANBURN CLEANERS | ) ) | |
| Counterclaim Defendant | ) | |

**DEFENDANT STATE AUTO INSURANCE COMPANIES'
EMERGENCY MOTION FOR PROTECTIVE ORDER[1]**

---

[1] State Auto notes that its Motion to Compel filed on July 25, 2018 (DE 135) remains pending before this Court. To the extent the Court believes a hearing is necessary to resolve the pending discovery issues between the parties, State Auto is amenable to a consolidated hearing on the pending motions subject to the parties' obligations to meet and confer under Northern District Local Rule 37-1.

1

Defendant, Meridian Mutual Insurance Companies, n/k/a State Auto Insurance Companies (hereinafter "State Auto"), by counsel, files the following Emergency Motion for Protective Order regarding the deposition of State Auto, pursuant to Fed. R. Civ. P. 30(b)(6), and the deposition of fact witness Rhonda Craun, an employee of State Auto who would also be testifying as State Auto's designee under Fed. R. Civ. P. 30(b)(6). In support of this emergency motion, State Auto states:

### I. FACTUAL BACKGROUND

1. On October 31, 2016, the Plaintiff, Ranburn Corporation d/b/a Ranburn Cleaners ("Ranburn") initiated this lawsuit against State Auto and the other Defendant insurance companies seeking, *inter alia*, a declaration that the insurers did not have the authority to select defense counsel and an environmental consultant to assist in Ranburn's defense against a claim brought by the Indiana Department of Environmental Management ("IDEM"). (DE 1). Ranburn's Complaint also seeks a judgment declaring that the insurers breached their respective policies and their duties of good faith and fair dealing and seeks unspecified damages and attorney fees. (Id.).

2. State Auto answered Ranburn's Complaint on December 23, 2016 and filed a Counterclaim seeking: (1) a declaration that State Auto has the right to control the defense of the IDEM claim, which includes the right to select defense counsel and the environmental consultant; (2) that Ranburn is obligated to cooperate with the Insurers in connection with the defense of the IDEM claim; and, (3) to enforce the voluntary payments clause contained in State Auto's policies. (DE 30). A motion for partial summary judgment and cross-motions for partial summary judgment were filed by the parties.

3. On March 28, 2018, the District Court issued an Opinion and Order on Ranburn's Motion for Partial Summary Judgment and the Defendant insurers' Cross-Motions for Partial

Summary Judgment. (DE 112). The District Court then entered a Declaratory Judgment in favor of the insurers stating that the insurers: "have the right to select and retain the environmental consultant to assist in the defense of the underlying IDEM suit and conduct the response action at no cost to Ranburn." (DE 113). In its March 28, 2018 Opinion and Order, the District Court also found that, *inter alia*, "Ranburn's decision to engage EFI (another consultant) was a voluntary undertaking, it is excluded by the Policies' voluntary payment provisions." (DE 112, p. 21). However, the District Court's March 28, 2018 Declaratory Judgment and the Opinion and Order did not dispose of all the claims pending in the case.

4. Due to the pendency of Ranburn's motion for partial summary judgment and the insurers' cross motions for partial summary judgment, the litigation was stayed for all purposes by the District Court from August 18, 2017 to June 19, 2018. (DE 110). Since June 19, 2018, some limited discovery has commenced.

5. On August 6, 2018, counsel for State Auto received Ranburn's Notice of Videotaped Rule 30(b)(6) Deposition and Subpoena Duces Tecum to State Auto (the "Notice"), a true and correct copy of which is attached as Exhibit "C." The Notice sought, *inter alia*, to depose a State Auto representative on 27 separate topics commencing on September 11, 2018. (Exhibit "C"). Previously, counsel for State Auto informed Ranburn's attorneys that he would not be available during much of the month of August due to family and other professional obligations. (Exhibit "D").

6. On August 21, 2018, counsel for State Auto wrote to Ranburn requesting that Ranburn withdraw the Notice because Ranburn previously stated that it did not need to take discovery to resolve the remaining claims at issue in this case. (Exhibit "E"). Moreover, State Auto reiterated the fact that its counsel was not available during the last two weeks of August to

prepare a designee to testify. (Id.). That correspondence further indicated that Rhonda Craun, the primary contact with State Auto, was also unavailable during the first two weeks of September to assist with the deposition. (Id.). State Auto requested a response by August 24, 2018. (Id.).

7. On August 24, 2018, Ranburn noticed the deposition of Rhonda Craun, a true and correct copy of the notice and subpoena is attached hereto as Exhibit "F." On that same day, counsel for Ranburn requested a teleconference to discuss the matters raised in State Auto's letter of August 21, 2018. (Exhibit "G"). That call took place on August 29, 2018. (Exhibit "H"). State Auto agreed to provide formal objections to the Notice. (Id.).

8. On September 6, 2018, counsel for State Auto wrote to Ranburn indicating that Rhonda Craun would appear as State Auto's Fed. R. Civ. P. 30(b)(6) designee. (Id.). That correspondence also indicated that because Ms. Craun's "knowledge of the facts of the case are based solely on her employment with State Auto" that "there was no reason for her to appear separately to testify on her own behalf." (Id.). State Auto also requested that the deposition be postponed to October in order to accommodate State Auto's schedule. (Id.).

9. On September 10, 2018, Ranburn agreed to postpone the deposition to October 25, 2018 provided that State Auto clarify whether State Auto would be producing a witness in response to the Notice. (Id.). Ranburn also requested an immediate meet and confer. (Id.). State Auto responded that it would agree to produce a witness to testify as to topics 1, 3, 5, 6, 7, 8, 23, 24, and 25. (Id.). The parties then conducted a telephonic conference. (Id.).

10. During the September 10, 2018 teleconference, the parties discussed the Notice and State Auto's questions, concerns, and/or objections to all 27 topics contained in the Notice. During the call, the parties agreed to reschedule the deposition of Rhonda Craun and State Auto to October 25, 2018. The parties also agreed that State Auto could submit written objections to the Notice on

or before September 25, 2018. (Id.). State Auto was hopeful that the parties could come to an agreement on the scope of the Fed. R. Civ. P. 30(b)(6) deposition without burdening the District Court with a discovery motion.

11. On September 25, 2018, State Auto provided Ranburn with *Defendant Meridian Mutual Insurance Companies n/k/a State Auto Insurance Companies' Objections and Responses to Plaintiff's Notice of Videotaped Deposition and Subpoena Duces Tecum*. (Exhibit "I"). The objections set forth, in detail, State Auto's concerns regarding the Notice, including, *inter alia*, the fact that the topics sought testimony that would be privileged, outside the scope of the remaining claims at issue, and that in many instances the topics were so overbroad that State Auto did not believe it could adequately prepare. State Auto was upfront on the topics that it believed it would be able to testify to and on the topics that it believed it would be unable to testify to. (Id.). State Auto expressly agreed to produce a witness to testify, at least in part, to topics 1, 3, 4, 5, 6, 7, 8, 15, 18, 19, 20, 23, 24 and 25. (Id.). State Auto indicated that it would not be able to produce a witness to testify as to topics 2, 9, 10, 11, 12, 13, 14, 16, 17, 21, 22, 26, and 27. (Id).

12. Ranburn did not respond to State Auto's objections until October 22, 2018 when it filed a Motion to Compel[2] with this Court. (DE 153, 154). Even though Ranburn's Motion to Compel was based upon State Auto's Objections to the Notice, Ranburn did not engage in a good faith meet and confer with State Auto regarding those objections pursuant to Local Rule 37-1. This is evident from *Plaintiff's Certificate of Good-Faith Efforts to Resolve Discovery Dispute Without Seeking Court Intervention*, which does not indicate that any efforts were taken by Ranburn to resolve the issues identified in State Auto's written objections and responses sent on September 25, 2018. (DE 155). Ranburn then indicates in its Motion to Compel that it will

---

[2] State Auto reserves the right to respond to Ranburn's Motion to Compel.

nevertheless proceed with the depositions of State Auto and Ms. Craun on October 25, 2018 while the Motion to Compel is pending and will seek its attorney fees.

13. This Emergency Motion for Protective Order may have been avoided had Ranburn conferred in good faith after receipt of State Auto's objections and responses shortly after September 25, 2018 before filing its Motion to Compel.[3] Between September 25, 2018 and October 22, 2018, State Auto believed that the parties were able to resolve their disagreements without burdening the District Court with a discovery motion. The unannounced Motion to Compel came as a complete surprise to State Auto. State Auto thereafter proceeded with this motion as soon as possible to protect State Auto and Ms. Craun from the undue burden and expense of: (1) preparing to testify on objectionable deposition topics without a ruling on this Motion for Protective Order; and, (2) preparing for and sitting through likely a full day of deposition, while the Motion to Compel is pending, with the risk of being called back for a second day of deposition.

## II. ARGUMENT

### A. The District Court Should Sustain State Auto's Objections to the Notice and Issue a Protective Order Limiting the Fed. R. Civ. P. 30(b)(6) Notice

Federal Rule of Civil Procedure 26(c)(1) provides, in pertinent part that:

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…

The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

   (A) forbidding the disclosure or discovery;

---

[3] Ranburn's failure to meet its obligations under Local Rule 37-1 may be fatal to its Motion to Compel. Local Rule 37-1(b) states that the Court may deny a discovery motion if the required certification is not filed. *See also Marshall v. G.E. Marshall, Inc.*, 2013 WL 785759, *1 (N.D. Ind. 2013) (A party's failure to properly meet and confer is grounds for denial of a discovery motion).

    (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

* * *

    (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

Many of Ranburn's deposition topics run afoul of the Federal Rules of Civil Procedure. The specific grounds that State Auto has for objecting to Ranburn's deposition topics are set forth in Exhibit I, which is captioned *Defendant Meridian Mutual Insurance Companies n/k/a State Auto Insurance Companies' Objections and Responses to Plaintiff's Notice of Videotaped Deposition and Subpoena Duces Tecum.*  As indicated there, many of Ranburn's Fed. R. Civ. P. 30(b)(6) topics, including topics 2, 9, 10, 11, 12, 13, 14, 16, 17, 21, 22, 26, and 27, *inter alia*: (1) are outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1); (2) seek information that is privileged or protected from disclosure; or, (3) do not describe the matters for examination with reasonable particularity in violation of Fed. R. Civ. P. 30(b)(6).  Indeed, some of the topics are drafted so vaguely, overbroadly, and unintelligibly that State Auto cannot even determine what information it is being asked to provide.  For example, topic 16 seeks testimony on "Any mistakes You made in the handling of this matter."  As pointed out by State Auto, Ranburn has refused to identify with reasonable particularity the specific "mistakes" that Ranburn believes are relevant to the remaining claims pending in this action. (Exhibit G, p. 15-16).  This is but one example of the ambiguous nature of Ranburn's Notice.

For these reasons, State Auto respectfully requests that the Court sustain State Auto's objections set forth in Exhibit "I" and limit the scope of the Fed. R. Civ. P. 30(b)(6) deposition of State Auto in accordance with those objections.

### B. At the Very Least the District Court Should Protect State Auto and Ms. Craun From the Undue Burden and Expense of Sitting Through Multiple Depositions While These Matters Are Pending Before the Court

Fed. R. Civ. P. 26(c)(1)(B) allows the District Court, for good cause, to specify the "terms, including time and place or the allocation of expenses for the disclosure or discovery." If the Court were to hold off on ruling on the merits of State Auto's Motion for Protective Order until briefing can be completed on Ranburn's Motion to Compel, State Auto respectfully requests that the District Court order the Fed. R. Civ. P. 30(b)(6) deposition of State Auto be postponed until after such a ruling. That way, the parties will clearly know beforehand what topics will be covered during the deposition. Moreover, this will protect State Auto from the undue burden of sitting through what will likely be a full day of deposition with the risk of being called back to prepare and sit for a second deposition. Since Ms. Craun has been identified as State Auto's Fed. R. Civ. P. 30(b)(6) witness, and her personal knowledge of the facts of this case is based solely on her employment with State Auto, State Auto also requests that Ms. Craun's deposition be postponed for the same reasons.

### III.   CONCLUSION

WHEREFORE, for the foregoing reasons, State Auto respectfully requests that the Court grant this Emergency Motion for Protective Order and for all other relief that is just and appropriate.

Respectfully submitted,

/s/ Erik S. Mroz
David A. Temple # 18193-49
Erik S. Mroz #29785-49
Alyssa C. Hughes #34645-71
*Attorney for Defendant Meridian Mutual Insurance Companies n/k/a State Auto Insurance Companies*

8

DREWRY SIMMONS VORNEHM, LLP
Carmel City Center
736 Hanover Place, Suite 200
Carmel, IN 46032
(317) 580-4848
(317) 580-4855 (fax)
emroz@DSVlaw.com
dtemple@DSVlaw.com
ahughes@DSVlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served upon the following by operation of the Court's electronic filing system this 23rd day of October, 2018. Parties may access this filing through the Court's system:

Brent W. Huber/Amy S. Berg
Ice Miller LLP
One American Square, Suite 2900
Indianapolis, In 46282-0200
amy.berg@icemiller.com
brent.huber@icemiller.com

*Attorneys for Plaintiff, Ranburn Corporation*
*d/b/a Ranburn Cleaners*

Gregory J. Tonner
Moore & Portelli
1449 East 84th Place
Merrillville, IN 46410
gtonner@mooreandportelli.com

*Attorney for Defendant, National Fire & Indemnity Exchange*

Dennis F. Cantrell/Ian P. Goodman/
Katherine L. Shelby
Cantrell Strenski & Mehringer, LLP
150 West Market Street, Suite 800
Indianapolis, Indiana 46204
dcantrell@csmlawfirm.com
igoodman@csmlawfirm.com
kshelby@csmlawfirm.com

*Attorneys for Defendant Argonaut Great Central Insurance Company*

/s/ Erik S. Mroz_____
Erik S. Mroz

DREWRY SIMMONS VORNEHM, LLP
Carmel City Center
736 Hanover Place, Suite 200
Carmel, IN 46032
(317) 580-4848
(317) 580-4855 (fax)
emroz@DSVlaw.com
dtemple@DSVlaw.com
ahughes@DSVlaw.com