UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| RANBURN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:16-cv-00088-JD-PRC |
| | ) | |
| ARGONAUT INSURANCE COMPANY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MERIDIAN MUTUAL INSURANCE COMPANIES',**
**n/k/a STATE AUTO INSURANCE COMPANIES, OBJECTIONS AND**
**RESPONSES TO PLAINTIFF'S NOTICE OF VIDEOTAPED RULE 30(b)(6)**
**DEPOSITION AND SUBPOENA DUCES TECUM**

Defendant Meridian Mutual Insurance Companies, n/k/a State Auto Insurance Companies ("State Auto"), hereby objects and responds to Plaintiff's Notice of Videotaped Rule 30(b)(6) Deposition ("Notice") and Subpoena Duces Tecum ("Subpoena") (collectively, the "Notice and Subpoena"), served on or about August 6, 2018, as follows:

**I.      GENERAL OBJECTIONS:**

1.      State Auto objects to the Notice and Subpoena as it seeks information that is not relevant to the parties' claims or defenses and proportional to the needs of the case.  On March 28, 2018, the Court issued an Opinion and Order granting partial summary judgment in favor of Defendants (DE 112), and entered a declaratory judgment that the Defendants' "have the right to selection and retain the environmental consultant to assist in the defense of the underlying IDEM suit and conduct the response action at no cost to Ranburn…"  (DE 113).  The Court also ruled that there was no disqualifying conflict of interest.  (DE 112, p. 27-28).  During the parties' telephonic conference of September 10, 2018, counsel for State Auto asked counsel for Ranburn whether

EXHIBIT "G"

Ranburn was alleging that its current insurer-appointed defense counsel, Hatchett & Hauk, LLP, had a conflict of interest.  Counsel for Ranburn replied that it was not alleging a conflict of interest implicating Hatchett & Hauk, LLP; but, Ranburn believed that there was a "conflict of interest" between the insurers and Ranburn that supported Ranburn's alleged bad faith claim.  However, the Court has already found, in ruling on the motions for partial summary judgment, that: "The Insurers acknowledge that they have a financial interest in the outcome of the IDEM suit, but courts have recognized that providing insurers the right to control the litigation allows 'insurers to protect their financial interest in the outcome of litigation.'"  (DE 112, p. 27, quoting *R.C. Wegman Const. Co. v. Admiral Ins. Co.*, 629 F.3d 724, 728 (7th Cir. 2011)).  Accordingly, State Auto is not required to, and shall not, produce a corporate designee to testify on its behalf in response to questions related to any alleged "conflict of interest."  Similarly, State Auto is not required to, and shall not, produce a corporate designee to testify on its behalf in response to questions that concern the selection or retention of an environmental consultant or any other matters addressed by the Court in its Opinion and Order (DE 112) or the entry of judgment (DE 113) of March 28, 2018.

2.      State Auto objects to the Notice and Subpoena as it seeks discovery into State Auto's handling of the underlying IDEM claim in support of Ranburn's alleged bad faith claim.  State Auto's claims handling is not relevant to Ranburn's claim for bad faith because Indiana law does not recognize a bad faith claim based on the handling of a claim.  *Telamon Corp. v. Charter Oak Fire Ins. Co.*, 179 F.Supp. 851, 856 (S.D. Ind. 2016).

3.      State Auto objects to the Notice and Subpoena as it seeks discovery that imposes a burden and expense on State Auto that outweighs its likely benefit.  On June 18, 2018, counsel for the parties met and conferred regarding the needs of the case and to set case management dates following the Court's March 28, 2018 Opinion and Order and entry of judgment.  During the meet

2

and confer, counsel for Ranburn indicated that Ranburn did not believe that it needed discovery to resolve the remaining issues in the case. Subsequently, on July 19, 2018, in Ranburn's Motion to schedule Telephonic Pretrial Conference (DE 132), Ranburn represented:

> The net effect of the Court's declaratory judgment in favor of the Insurers … is that Ranburn cannot prevail on its complaint before the district court. It is in no party's interest to unnecessarily undergo expensive and cumbersome discovery and further litigation to resolve claims that Ranburn recognizes it cannot win in light of the Court's judgment … There is simply no need for additional discovery, motions practice, or further proceedings before the district court.

While State Auto disagreed with Ranburn on the issue of whether discovery was necessary for State Auto to resolve the claims and counter-claims that are still pending, Ranburn represented to the parties and the Court that Ranburn itself did not need to take discovery at all. Thus, on June 18, 2018, the parties agreed to a short period to take discovery, which was to be completed by August 31, 2018. (DE 127). Almost immediately following the parties' agreement on the August 31, 2018 deadline, Ranburn began resisting all efforts by State Auto to timely complete discovery in the case. For example on July 19, 2018, Ranburn's counsel, who concurrently represented a non-party, Elliot Gross, filed a Motion to Quash the deposition subpoena issued by State Auto to Mr. Gross, the former President of Ranburn. (DE 131). In the Motion to Quash, counsel again represented that the Court's March 28, 2018 ruling "essentially disposes of Ranburn's complaint and the insurers' two counterclaims." (Id.). According to counsel for Ranburn / Gross: "All that remains is Ranburn's bad faith claim, and as to that claim, the handwriting is all but on the wall." (Id.). Ranburn also objected to State Auto's notice of Fed. R. Civ. P. 30(b)(6) deposition of Ranburn and threatened to file a motion for protective order. The Notice and Subpoena is seeking burdensome discovery against State Auto despite Ranburn's judicial admissions that Ranburn cannot prevail on its claims and that Ranburn does not need to take discovery to resolve the issues before the Court. Accordingly, State Auto further objects to the Notice and Subpoena as improper

under Fed. R. Civ. P. 26(b)(1) because it seeks irrelevant discovery that is not proportionate to the needs of the case and that Ranburn has already admitted discovery is not necessary in resolving the issues.

4.     State Auto objects to the Notice and Subpoena because it was issued for an improper purpose.  As indicated above, Ranburn has made judicial admissions that it does not need discovery to resolve the remaining claims in this case.  Accordingly, the discovery being sought is overly burdensome and oppressive.  State Auto objects to the Notice and Subpoena as it seeks discovery for an ulterior purpose to harass, annoy, or retaliate against State Auto.

5.     State Auto objects to the Notice and Subpoena as the discovery being sought is unreasonably cumulative or duplicative, or can be obtained from some other source, which is more convenient, less burdensome and less expensive to the parties.  Such sources include: the documents already produced in this action by State Auto, interrogatory responses, response to a request for admissions, the pleadings on file with the Court and documents appended thereto, and affidavits filed with the Court.

6.     State Auto objects to Exhibit "B" of the Notice as improper.  Fed. R. Civ. P. 34 provides the sole method by which a party may request the production of documents from another party. This is referenced in Fed. R. Civ. P. 30(b)(2)'s provision for producing documents in connection with a request for deposition.  State Auto further objects to Exhibit "B" of the Notice as it seeks documents that were previously sought by Ranburn in its First Requests for Production of Documents, which State Auto responded to on April 14, 2017.  State Auto incorporates each and every objection contained in its April 14, 2017 responses as though fully set forth herein.

## II.     SPECIFIC OBJECTIONS AND RESPONSES TO FED. R. CIV. P. 30(b)(6) TOPICS FOUND ON EXHIBIT "A" OF THE NOTICE:

1. The Ranburn Policies and all forms and endorsements.

**Response:**         In response to Topic 1, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to Topic 1 as vague, ambiguous and uncertain because Topic 1 does not specify the forms or endorsements that Ranburn seeks State Auto's testimony.  Since not all forms or endorsements that are contained in the various policies issued by State Auto to Ranburn are the subject of the claims or defenses at issue in this case, State Auto further objects to Topic 1 as seeking information that is outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).  State Auto further objects to Topic 1 as the insurance policies at issue in this case have been produced on multiple occasions.  The policies themselves are the best evidence of their contents.

Subject to the foregoing objections, and without waiving them, State Auto will prepare a corporate designee, pursuant to Fed. R. Civ. P. 30(b)(6), to testify about the commercial general liability form, and relevant forms that modified the commercial general liability form, of Policy CPP 3987110, which was issued to Ranburn by State Auto on or about March 15, 1992 and renewed annually until approximately March 15, 2001.

2.   Any and all underwriting files for Ranburn and/or the Policies.

**Response:**       In response to Topic 2, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to Topic 2 because its underwriting files are not relevant to the claims and defenses at issue in this case.  State Auto has accepted coverage of the underlying IDEM claim and has agreed to defend Ranburn without a reservation of rights.  Thus, the testimony being sought by Topic 2 is outside the scope of permissible discovery under Fed. R. Civ. P. 26.  State Auto further objects to Topic 2 as seeking privileged information or information that is the confidential business information of State Auto without a stipulation or order to protect such confidential business information from disclosure to

other parties.  During the September 10, 2018 meet and confer between counsel, Ranburn's counsel was unable to provide any legitimate basis for seeking discovery on this issue.

Accordingly, State Auto will not prepare a designee to testify as to Topic 2.

3.   The State Auto claims file for the Site.

**Response:** In response to Topic 3, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to Topic 3 as vague, ambiguous and uncertain because Topic 3 does not specify the portion of the claims file that Ranburn seeks State Auto's testimony.  Since not all documents contained in the claims file are relevant to the claims and defenses at issue in this case, State Auto further objects to Topic 3 as seeking information that is outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).  State Auto further objects to Topic 3 to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product protection, the joint defense or common interest privilege or any other privilege or confidentiality protection under the law.  State Auto further objects to Topic 3 as the non-privileged and relevant parts of the underlying claim file were previously produced by State Auto in response to Ranburn's First Requests for the Production of Documents on or about April 14, 2017.  The documents themselves are the best evidence of their contents.

Subject to the foregoing objections, and without waiving them, State Auto will prepare a corporate designee, pursuant to Fed. R. Civ. P. 30(b)(6), to testify about the non-privileged and relevant documents that were produced from the underlying claim file in response to Ranburn's First Requests for the Production of Documents.

4.   Any investigation by You or others on Ranburn's behalf concerning the Site, the Claim and/or the Policies.

**Response:**      In response to Topic 4, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to Topic 4 as vague, ambiguous and uncertain because Topic 4 does not describe with particularly or clarity the type or subject matter of the investigation(s) for which Ranburn seeks State Auto's testimony.  State Auto further objects to Topic 4 to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the attorney work product protection, the joint defense or common interest privilege or any other privilege or confidentiality protection recognized by law.  For example, State Auto will not disclose information related to any investigation undertaken by, or at the direction of, State Auto's attorneys concerning the Site, the claim or the policies issued by State Auto in connection with this lawsuit.  Further, as State Auto has accepted coverage of the IDEM claim and is not relying upon an exclusion to deny coverage, State Auto objects the Topic 4 as outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).

During the September 10, 2018 conference, counsel for Ranburn indicated that Ranburn was only seeking testimony of State Auto relevant to the environmental investigation conducted at 3933 Cleveland Street, Gary, Indiana in response to the underlying IDEM claim.  State Auto further objects to Topic 4 because the Court's Opinion and Order (DE 112) and the entry of judgment (DE 113) held that State Auto has the right to select the environmental consultant to conduct the investigation and remediation of the former Ranburn property at no cost to Ranburn.  The ruling further provides that State Auto is not required to pay costs voluntarily incurred by Ranburn as a result of Ranburn's decision to engage with another environmental consultant.  As of the date indicated below, no environmental investigation has occurred at the former Ranburn property due to lack of site access and the lack of an agreement by Ranburn on the handling of investigation derived wastes.  Further, Topic 4 appears to be based on a misunderstanding that

State Auto has an obligation to conduct an environmental site investigation when it is Ranburn that has been directed by  IDEM to conduct such an investigation.  State Auto has accepted coverage for the IDEM claim but has not agreed to assume Ranburn's liabilities or obligations under federal or state environmental laws.  For these reasons, State Auto further objects to Topic 4 because it seeks discovery that is not relevant to the claims or defenses pending in the litigation and is based upon faulty premises.

Subject to the foregoing objections, and without waiving them, State Auto will prepare a corporate designee, pursuant to Fed. R. Civ. P. 30(b)(6), to testify regarding State Auto's knowledge of the environmental investigation conducted at the former Ranburn site, located at 3933 Cleveland Street, Gary, Indiana.

5.   The handling of the Claim and any claims files concerning Ranburn, the Claim or the Site.

**Response:**      In responding to Topic 5, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to Topic 5 as vague, ambiguous and uncertain because Topic 5 is not limited to the underlying IDEM claim and does not identify any other claim.  State Auto further objects to Topic 5 to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the attorney work product protection, the joint defense or common interest privilege or any other privilege or confidentiality protection recognized by law.  State Auto further objects to Topic 5 as seeking testimony that is outside the scope of permissible discovery under Fed. R. Civ. P. 5(b)(1).  State Auto's claims handling is not relevant to Ranburn's remaining claim for bad faith because Indiana law does not recognize a bad faith claim based on the handling of a claim.  *Telamon Corp. v. Charter Oak Fire Ins. Co.*, 179 F.Supp. 851, 856 (S.D. Ind. 2016).

Subject to the foregoing objections, and without waiving them, State Auto will prepare a corporate designee, pursuant to Fed. R. Civ. P. 30(b)(6), to testify about State Auto's handling of the underlying IDEM claim insofar as it relates to the IDEM claim only and, as indicated in response to Topic 3 above, the claim file documents produced by State Auto in the litigation.

6.   Your coverage position concerning the Claim, changes thereto, and reasons therefore.

**Response:**   In responding to Topic 6, State Auto incorporates by reference each of the general objections above as though set forth fully herein.   State Auto further objects to Topic 6 to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product protection, the joint defense or common interest privilege or any other confidentiality or privilege recognized by law.   State Auto further objects to Topic 6 as seeking discovery that is unreasonably cumulative or duplicative, or can be obtained from some other source, which is more convenient, less burdensome and less expensive to the parties.   Such sources include: the February 5, 2016 letter by State Auto indicating its coverage position, which was produced in the litigation bearing bates numbers RANBURN0003130-3131.   The February 5, 2016 letter is the best evidence of State Auto's coverage position.   Furthermore, State Auto has admitted in pleadings and affidavits on file with the Court that on February 5, 2016, State Auto agreed to defend Ranburn without a reservation of rights in connection with the IDEM claim.   State Auto's coverage position was accepted by the District Court in its March 28, 2018 Opinion and Order (DE 112).   Any past changes to State Auto's coverage position, which has remained consistent since February 5, 2016, or the reasons for the change, is not relevant to the claims or defenses now at issue in this case.

Subject to the foregoing objections, and without waiving them, State Auto will prepare a corporate designee, pursuant to Fed. R. Civ. P. 30(b)(6), to testify that on February 5, 2016, State

9

Auto accepted coverage of the IDEM claim and agreed to defend Ranburn without a reservation of rights.

7. The complete factual basis for any and all of State Auto's claims, counterclaims and defenses in the coverage litigation, and assertion made in the pleadings and filings in this matter.

**Response:**    In responding to Topic 7, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to Topic 7 to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product protection, the joint defense or common interest privilege or any other confidentiality or privilege recognized by law.  State Auto further objects to Topic 7 to the extent it seeks testimony regarding the basis for "any and all … filings" as such "filings" have already been fully briefed and are no longer subject to discovery.

Subject to the foregoing objections, and without waiving them, State Auto will prepare a corporate designee, pursuant to Fed. R. Civ. P. 30(b)(6), to testify about the factual basis of State Auto's counterclaim.

8. Your communications with Ranburn or its counsel.

**Response:**   In response to Topic 8, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to Topic 8 as vague, ambiguous and uncertain because Topic 8 does not describe the communications by date or subject matter for which Ranburn seeks State Auto's testimony.

Subject to the foregoing objections, and without waiving them, State Auto will prepare a corporate designee, pursuant to Fed. R. Civ. P. 30(b)(6), to testify about State Auto's communications with Ranburn or any attorney representing Ranburn regarding the underlying IDEM Claim.

9. State Auto's policies, procedures and guidelines for handling claims, issuing coverage letters and addressing conflicts of interests.

**Response:** In response to Topic 9, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to Topic 9 as seeking information that is not relevant to the claims or defenses in this action and is thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).  First, Indiana law does not recognize a bad faith claim based on the handling of a claim.  *Telamon Corp. v. Charter Oak Fire Ins. Co.*, 179 F.Supp. 851, 856 (S.D. Ind. 2016).  As such, any discovery regarding State Auto's claims handling policies, procedures and guidelines is irrelevant.  Second, State Auto's coverage position is set forth in documents produced in this case and on file with the Court.  Third, the Court has already found that there is no conflict of interest. (DE 112).

Accordingly, State Auto will not prepare a witness to testify on its behalf as to Topic 9.

10. Your decisions to hire attorneys and environmental consultants in this matter.

**Response:** In response to Topic 10, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to Topic 10 as seeking information that is not relevant to the claims or defenses in this action and is thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).  State Auto further objects to Topic 10 as it seeks information that is protected by the attorney client privilege, the attorney work product protection, or the common interest or joint defense privilege.  Moreover, the District Court has already ruled that State Auto, and the other insurers, have the right to select the environmental consultant to conduct site investigation and remediation work at no cost to Ranburn.  Thus, State Auto's decision to hire an environmental consultant in this matter is not relevant to the claims or defenses pending in the action.  Second, State Auto, along with the other insurers, engaged with

the law firm of Hatchett & Hauk, LLP to defend Ranburn after Barnes & Thornburg, LLP withdrew from its representation.  Ranburn has never objected to Hatchett & Hauk, LLP.  It is black letter law that an insurer that defends its insured without a reservation of rights has the right to control the defense and thus the hiring of defense counsel.  *Armstrong Cleaners, Inc. v. Erie Ins. Exch.,* 364 F.Supp.2d 797, 806 (S.D. Ind. 2005).  As such, the decision by the insurers to hire defense counsel in this matter is not relevant to the claims and defenses at issue in this lawsuit.

Accordingly, State Auto will not prepare a designee to testify on its behalf regarding Topic 10.

11.   How You believe environmental liability claims for soil and groundwater should be "defended" and Your understanding, customs, and practices concerning the role of independent defense counsel in liability cases.

**Response:**      In response to Topic 11, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to Topic 11 as seeking information that is not relevant to the claims or defenses in this action and is thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).  As indicated above, Indiana law does not recognize a bad faith claim based on the handling of a claim.  *Telamon Corp. v. Charter Oak Fire Ins. Co.*, 179 F.Supp. 851, 856 (S.D. Ind. 2016).  As such, any discovery into the "understanding, customs, and practices" concerning the defense of an environmental liability claim is irrelevant to this lawsuit.  Further, Ranburn is not entitled to independent defense counsel because State Auto, and the other insurers, are defending Ranburn without a reservation of rights.  Thus, State Auto's "understanding, customs, and practices" concerning independent counsel is irrelevant.

Accordingly, State Auto will not prepare a designee to testify on its behalf regarding Topic 11.

12. Your reinsurance, if any, for this liability and communications with such reinsurers.

**Response:**      In response to Topic 12, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to Topic 12 because its reinsurance, if any, is not relevant to the claims or defenses at issue in this case.  State Auto has accepted coverage of the underlying IDEM claim and has agreed to defend Ranburn without a reservation of rights.  Thus, the testimony being sought by Topic 12 is outside the scope of permissible discovery under Fed. R. Civ. P. 26.  State Auto further objects to Topic 12 as seeking privileged information, including communications between State Auto and its reinsurers, or information that is the confidential business information of State Auto without a stipulation or order to protect such confidential business information from disclosure to other parties.  During the September 10, 2018 meet and confer between counsel, Ranburn's counsel was unable to provide any legitimate basis for seeking discovery on this issue.

Accordingly, State Auto will not prepare a designee to testify as to Topic 12.

13. Your reserves in this matter, changes to such reserves, and reasons therefore.

**Response:**      In response to Topic 13, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to the undefined term "this matter" as vague and ambiguous because it is not clear whether Ranburn is seeking State Auto's testimony pertaining to this lawsuit or the underlying IDEM claim.  State Auto further objects to Topic 13 because its reserves, and any changes to its reserves, in connection with the IDEM claim, or any other claim, is not relevant to the claims or defenses at issue in this case.  State Auto has accepted coverage of the underlying IDEM claim and has agreed to defend

Ranburn without a reservation of rights.  Thus, the testimony being sought by Topic 13 is outside the scope of permissible discovery under Fed. R. Civ. P. 26.  State Auto further objects to Topic 13 as seeking privileged information, including communications between State Auto and its reinsurers, or information that is the confidential business information of State Auto without a stipulation or order to protect such confidential business information from disclosure to other parties.  During the September 10, 2018 meet and confer between counsel, Ranburn's counsel was unable to provide any legitimate basis for seeking discovery on this issue.

Accordingly, State Auto will not prepare a designee to testify as to Topic 13.

14. Your motivations and reasons for the decisions you have made in connection with this matter.

**Response:**    In response to Topic 14, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to the undefined term "this matter" as vague and ambiguous because it is not clear whether Ranburn is seeking State Auto's testimony pertaining to this lawsuit or the underlying IDEM claim.  State Auto further objects to Topic 14 as vague, ambiguous and unintelligible because it does not state with any particularity or clarity the subject matter of the testimony being sought by Ranburn.  As such, it is impossible for State Auto to prepare a witness to testify as to Topic 14.  During the September 10, 2018 meet and confer, counsel for Ranburn did not identify any specific "decisions" that were made by State Auto that Ranburn believes are relevant to the claims or defenses in this action.  Counsel for Ranburn merely stated that all decisions were relevant.  State Auto disagrees with counsel for Ranburn and objects to Topic 14 as overly burdensome and harassing.  State Auto further objects to Topic 14 to the extent it seeks information that is outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) or to the extent it seeks privileged information.

Accordingly, State Auto will not prepare a designee to testify as to Topic 14.

15. Your consideration of the interests of the policyholder in this matter, and any documents regarding to what extent you evaluated and considered the interests of Your policyholder in this matter.

**Response:**      In response to Topic 15, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to the undefined term "this matter" as vague and ambiguous because it is not clear whether Ranburn is seeking State Auto's testimony pertaining to this lawsuit or the underlying IDEM claim.  State Auto further objects to Topic 15 to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product protection, the joint defense or common interest privilege or any other privilege or confidentiality protection recognized by law.

Subject to the foregoing objections, and without waiving them, State Auto will prepare a corporate designee, pursuant to Fed. R. Civ. P. 30(b)(6), to testify in response to Topic 15 with regards to the underlying IDEM claim.

16. Any mistakes You made in the handling of this matter.

**Response:**      In response to Topic 16, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to the undefined terms "mistake" and "this matter" as vague and ambiguous because it is not clear whether Ranburn is seeking State Auto's testimony pertaining to this lawsuit or the underlying IDEM claim.  State Auto further objects to Topic 16 as vague, ambiguous and unintelligible because it does not state with any particularity or clarity the subject matter of the testimony being sought by Ranburn.  As such, it is impossible for State Auto to prepare a witness to testify as to Topic 16.  During the September 10, 2018 meet and confer, counsel for Ranburn did not identify

any specific "mistakes" that were made by State Auto that Ranburn believes are relevant to the claims or defenses in this action.  Counsel for Ranburn merely stated that "any mistakes" were relevant.  State Auto disagrees with counsel for Ranburn and objects to Topic 16 as overly burdensome and harassing.  State Auto further objects to Topic 16 to the extent it seeks information that is outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) or to the extent it seeks privileged information.

Accordingly, State Auto will not prepare a designee to testify as to Topic 16.

17. Any terminations, demotions, promotions, or reprimands of those involved in this matter on behalf of State Auto.

**Response:**    In response to Topic 17, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to the undefined term "this matter" as vague and ambiguous because it is not clear whether Ranburn is seeking State Auto's testimony pertaining to this lawsuit or the underlying IDEM claim.  State Auto further objects to Topic 17 because it seeks privileged, confidential, and personal information of State Auto employees and is also outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).

Accordingly, State Auto will not prepare a designee to testify as to Topic 17.

18. Your communications with other liability insurers about this matter.

**Response:**    In response to Topic 18, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to the undefined term "this matter" as vague and ambiguous because it is not clear whether Ranburn is seeking State Auto's testimony pertaining to this lawsuit or the underlying IDEM claim.  State Auto further objects to Topic 18 as vague, ambiguous and unintelligible because it is not limited

to any specific subject matter of "communications" between State Auto and another insurer nor is it limited by date.  Thus, it is impossible for State Auto to prepare a witness to testify in response to Topic 18.  Moreover, because Topic 18 is unintelligible, State Auto must also object on the grounds that it seeks information that is outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).  State Auto further objects to Topic 18 to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege or any other privilege or confidentiality protection recognized by law.

Subject to the foregoing objections, and without waiving them, State Auto will prepare a corporate designee, pursuant to Fed. R. Civ. P. 30(b)(6), to testify about relevant and non-privileged communications it had with Argonaut Great Central Insurance Company and National Fire & Indemnity Exchange.

19. Your communication with the owner of the subject Site or its representatives, and any settlement communications with this owner or any other potential claimant in the underlying matter.

**Response:**     State Auto will prepare a corporate designee, pursuant to Fed. R. Civ. P. 30(b)(6), to testify about its knowledge of communications with the record owner of the subject site and settlement demands from the record owner of the subject site.

20. Your communication with any other party or person about this matter.

**Response:**     In response to Topic 20, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to the undefined term "this matter" as vague and ambiguous because it is not clear whether Ranburn is seeking State Auto's testimony pertaining to this lawsuit or the underlying IDEM claim.  State Auto further objects to Topic 20 as vague, ambiguous and unintelligible because it is not limited

to any specific subject matter of "communications" between State Auto and another person nor is it limited by date.  Thus, it is impossible for State Auto to prepare a witness to testify in response to Topic 20.  Moreover, because Topic 20 is unintelligible, State Auto must also object on the grounds that it seeks information that is outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).  State Auto further objects to Topic 20 to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege or any other privilege or confidentiality protection recognized by law.

Subject to the foregoing objections, and without waiving them, State Auto will prepare a corporate designee, pursuant to Fed. R. Civ. P. 30(b)(6), to testify about relevant and non-privileged communications it had with other persons, if any, regarding the underlying IDEM claim.

21. Your dealings with EnviroForensics, or any related entities.

**Response:**      In response to Topic 21, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to the undefined term "or any related entities" as vague and ambiguous.  EnviroForensics is related to numerous entities and Topic 21 is not specific to any of them.  State Auto further objects to Topic 21 as overbroad because it is not limited to the underlying IDEM claim and appears to seek testimony regarding any interaction between EnviroForensics and State Auto with respect to any matter.  State Auto further objects to Topic 21 to the extent it seeks privileged or confidential information.  State Auto further objects to Topic 21 because it seeks testimony that is not relevant to any claim or defense pending in this action.  EnviroForensics is not a party to this lawsuit.  The District Court ruled that State Auto was within its rights to replace EnviroForensics with another environmental consultant in connection with the underlying IDEM matter.  The District Court also ruled that State Auto was not responsible for the EnviroForensics fees that were voluntarily

incurred by Ranburn after State Auto agreed to defend Ranburn without a reservation of rights. Accordingly, State Auto objects to Topic 21 as outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).

Accordingly, State Auto will not prepare a designee to testify as to Topic 21.

22. Your dealings with Stephen Henshaw and any of his related entities.

**Response:**   In response to Topic 22, State Auto incorporates by reference each of the general objections above as though set forth fully herein. State Auto further objects to the undefined term "or any of his related entities" as vague and ambiguous. Stephen Henshaw is the owner or principal of numerous entities and Topic 22 is not specific to any of them. State Auto further objects to Topic 22 as overbroad because it is not limited to the underlying IDEM claim and appears to seek testimony regarding any interaction between Mr. Henshaw and State Auto with respect to any matter. State Auto further objects to Topic 22 to the extent it seeks privileged or confidential information. State Auto further objects to Topic 22 because it seeks testimony that is not relevant to any claim or defense pending in this action. Mr. Henshaw is not a party to this lawsuit. The District Court ruled that State Auto was within its rights to replace EnviroForensics, Mr. Henshaw's company, with another environmental consultant in connection with the underlying IDEM matter. The District Court also ruled that State Auto was not responsible for the EnviroForensics fees that were voluntarily incurred by Ranburn after State Auto agreed to defend Ranburn without a reservation of rights. Accordingly, State Auto objects to Topic 22 as outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).

Accordingly, State Auto will not prepare a designee to testify as to Topic 22.

23. State Auto's responses to Ranburn's document requests including, but not limited to, the documents produced by State Auto or others acting on State Auto's behalf, the search

conducted for responsive documents, the locations searched and including the identity of the person(s) who participated in the search.

**Response:**      In response to Topic 23, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto's responses to Ranburn's document requests were put together by counsel for State Auto in the litigation.  State Auto further objects to Topic 23 to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege or any other privilege or confidentiality protection recognized by law.

Subject to the foregoing objections, and without waiving them, State Auto will prepare a corporate designee, pursuant to Fed. R. Civ. P. 30(b)(6), to testify about non-privileged information concerning its production of documents in this litigation, the locations searched and the persons that participated in the search.

24. Your privilege log.

**Response:**      In response to Topic 24, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto's privilege log was put together by counsel representing State Auto in this litigation.  As such, State Auto further objects to Topic 24 to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege or any other privilege or confidentiality protection recognized by law.

Subject to the foregoing objections, and without waiving them, State Auto will prepare a corporate designee, pursuant to Fed. R. Civ. P. 30(b)(6), to testify about non-privileged information concerning its privilege log.

25. Your answers to Ranburn's interrogatories.

**Response:**      In response to Topic 25, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to Topic 25 to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege or any other privilege or confidentiality protection recognized by law.

Subject to the foregoing objections, and without waiving them, State Auto will prepare a corporate designee, pursuant to Fed. R. Civ. P. 30(b)(6), to testify about non-privileged information concerning its interrogatory responses.

26. The documents Ranburn has produced in this action.

**Response:**      In response to Topic 26, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to Topic 26 as vague, ambiguous and unintelligible because it is not limited to any specific documents produced by Ranburn.  Ranburn further objects to Topic 26 because State Auto cannot be expected to have information regarding all or any of the documents in the possession, custody or control of Ranburn that were produced in this case.  Thus, it is impossible for State Auto to prepare a witness to testify in response to Topic 26.  Moreover, because Topic 26 is unintelligible, State Auto must also object on the grounds that it seeks information that is outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).  State Auto further objects to Topic 26 to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege or any other privilege or confidentiality protection recognized by law.

Accordingly, State Auto will not produce a witness to testify as to Topic 26.

27. The documents You or the other insurers have produced in this case.

**Response:**      In response to Topic 27, State Auto incorporates by reference each of the general objections above as though set forth fully herein.  State Auto further objects to Topic 27 as vague, ambiguous and unintelligible because it is not limited to any specific documents produced by State Auto or the other insurers.  As to documents produced by State Auto, State Auto objects to Topic 27 as duplicative of Topic 27 above and directs Ranburn's attention to State Auto's objections and response to Topic 27, which is incorporated herein by reference.  As to the documents produced by the other insurers, Ranburn further objects to Topic 27 because State Auto cannot be expected to have information regarding all or any of the documents in the possession, custody or control of the other parties that were produced in this case.  Thus, it is impossible for State Auto to prepare a witness to testify in response to Topic 27.  Moreover, because Topic 26 is unintelligible, State Auto must also object on the grounds that it seeks information that is outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).  State Auto further objects to Topic 27 to the extent it seeks information that is protected by the attorney client privilege, the attorney work product doctrine, the joint defense or common interest privilege or any other privilege or confidentiality protection recognized by law.

Subject to the foregoing, and except as expressly stated therein, State Auto will not produce a witness to testify as to Topic 27.

### III.   SPECIFIC OBJECTIONS AND RESPONSES TO EXHIBIT "B"

1.      All of Your communications with any of Ranburn's other insurers and any notes or writings relating thereto.

**Response:**      In responding to the first request set forth in Exhibit "B" of the Notice and Subpoena, State Auto incorporates by reference its general objections above as though fully set forth herein.  State Auto further objects to this request as improper as Fed. R. Civ. P. 34 provides

for the sole method by which a party may request the production of documents from another party. State Auto further objects to this request as unnecessarily cumulative and duplicative of Ranburn's earlier Requests for Production of Documents to State Auto, specifically Requests 3, 4, 13, 14 and 22. State Auto objects to this request to the extent it seeks documents or information protected by the joint defense or common interest privileges. State Auto will not provide any privilege log regarding those privileged communications created after the filing of the lawsuit because providing such a privilege log would divulge the mental impressions, conclusions, opinions, strategy and/or legal theories in defense of this Lawsuit. State Auto further objects to this request, which seeks "all of your communications" regardless of the time period and subject matter as overbroad and not proportionate to the needs of this case.

2.    All documents not yet produced on which You rely for any affirmative defense or other defense You have asserted in this action.

**Response:**    In responding to the second request set forth in Exhibit "B" of the Notice and Subpoena, State Auto incorporates by reference its general objections above as though fully set forth herein. State Auto further objects to this request as improper as Fed. R. Civ. P. 34 provides for the sole method by which a party may request the production of documents from another party. State Auto objects to this request to the extent it seeks privileged documents or information protected by the joint defense or common interest privileges. State Auto will not provide any privilege log regarding those privileged communications created after the filing of the lawsuit because providing such a privilege log would divulge the mental impressions, conclusions, opinions, strategy and/or legal theories in defense of this Lawsuit.

3. All documents not yet produced on which You rely in preparing for this deposition or on which you may rely in answering questions posed in the deposition.

23

**Response:**      In responding to the third request set forth in Exhibit "B" of the Notice and Subpoena, State Auto incorporates by reference its general objections above as though fully set forth herein.  State Auto further objects to this request as improper as Fed. R. Civ. P. 34 provides for the sole method by which a party may request the production of documents from another party.  State Auto objects to this request to the extent it seeks documents that are protected by the attorney client privilege, the attorney work-product protection or the joint defense or common interest privilege.

4.      All documents not yet produced showing payment of defense costs, including legal fees, associated with the Site.

**Response:**      In responding to the fourth request set forth in Exhibit "B" of the Notice and Subpoena, State Auto incorporates by reference its general objections above as though fully set forth herein.  State Auto further objects to this request as improper as Fed. R. Civ. P. 34 provides for the sole method by which a party may request the production of documents from another party.

Respectfully,

/s/ Erik S. Mroz
David A. Temple # 18193-49
Erik S. Mroz #29785-49
*Attorney for Defendant Meridian Mutual
Insurance Companies n/k/a State Auto Insurance
Companies*

DREWRY SIMMONS VORNEHM, LLP
736 Hanover Place, Suite 200
Carmel, IN 46032
Tel:  (317) 580-4848
Fax:  (317) 580-4855
dtemple@dsvlaw.com
emroz@dsvlaw.com

24

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 25, 2018, a copy of the foregoing was served by First Class

U.S. Mail, with a courtesy copy by email, upon the following:

Brent W. Huber
Amy S. Berg
ICE MILLER, LLP
One American Square, Suite 2900
Indianapolis, Indiana 46282
Brent.huber@icemiller.com
Amy.berg@icemiller.com

Gregory J. Tonner
MOORE & PORTELLI
1449 East 84th Place
Merrillville, IN 46410
gtonner@mooreandportelli.com

Dennis F. Cantrell
Katherine L. Shelby
CANTRELL STRENSKI & MEHRINGER LLP
150 West Market Street, Suite 800
Indianapolis, IN 46204
dcantrell@csmlawfirm.com
kshelby@csmlawfirm.com

*/s/ Erik S. Mroz*