UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| RANBURN CORPORATION d/b/a RANBURN CLEANERS<br>    Plaintiff,<br><br>v.<br><br>ARGONAUT GREAT CENTRAL INSURANCE COMPANY, *et al.*,<br>    Defendants.<br><br>NATIONAL FIRE AND INDEMNITY EXCHANGE,<br>    Counter Claimant,<br><br>v.<br><br>RANBURN CORPORATION d/b/a RANBURN CLEANERS<br>    Counterclaim Defendant.<br><br>MERIDIAN MUTUAL INSURANCE COMPANIES n/k/a STATE AUTO INSURANCE COMPANIES,<br>    Counter Claimant,<br><br>v.<br><br>RANBURN CORPORATION d/b/a RANBURN CLEANERS<br>    Counterclaim Defendant. | CAUSE NO.: 4:16-CV-88-RL-PRC |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to File Briefs and Exhibits Under Seal [DE 180], filed by Ranburn Corporation d/b/a Ranburn Cleaners ("Ranburn") on December 3, 2018. No response to the motion was filed.

In the motion, which was itself filed under seal, Ranburn asks the Court to order that the following documents be maintained under seal: Plaintiff's Motion to Vacate the Court's March 28, 2018 Order [DE 181], Plaintiff's Brief in Support of Its Motion to Vacate the Court's March 28, 2018 Order [DE 182], Ranburn's Appendix of Exhibits [DE 183], Plaintiff's Reply in Support of Its First Motion to Compel [DE 184], and Ranburn's Appendix of Exhibits [DE 185].

Northern District of Indiana Local Rule 5-3 provides, "No document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality. *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) "The public has a legitimate interest in the record compiled in a legal proceeding because the public pays for the courts," but this interest may be overridden "if there is good cause for sealing part of the record." *Forst v. Smithkline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009) (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999)). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin*, 439 F.3d at 348. A litigant must justify the claim of secrecy, analyzing the applicable legal criteria. *Citizens First*, 178 F.3d at 945; see also, e.g., *Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Ranburn asserts that sealing these documents is proper because they contain information protected by the insurer-insured privilege and other confidential information. Ranburn further

states that the information in the documents could have an impact on Ranburn's defense in another lawsuit filed against it by 3933 Cleveland Street Partners, LLC.[1]

The documents sought to be maintained under seal collectively contain approximately 200 pages of documents. The motion seeking to keep these documents under seal contains only 5 substantive paragraphs. By supplying the Court with only general assertions of privilege and confidentiality, not grounding these assertions in case law, statute, or rule, and not identifying how those assertions apply to all of the documents sought to be maintained under seal,[2] Ranburn has not overcome the presumption that the documents should be open to public view. Therefore, the motion is denied, though without prejudice.

Based on the foregoing, the Court hereby **DENIES without prejudice** Plaintiff's Motion to File Briefs and Exhibits Under Seal [DE 180]. The Court **SETS** a deadline of **January 8, 2019**, for the motion to be refiled. If no motion is filed by the deadline, the Court will order all of the documents unsealed.

Because there is no request to maintain the instant motion under seal, the Court **DIRECTS** the Clerk of Court to **UNSEAL** Plaintiff's Motion to File Briefs and Exhibits Under Seal [DE 180].

So ORDERED this 19th day of December, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

---

[1] There are three motions to amend pleadings pending in the instant litigation, which, if granted, would add 3933 Cleveland Street Partners, LLC as a party. Those motions are not yet fully briefed.

[2] For example, Ranburn seeks to have sealed the Complaint filed against it by 3933 Cleveland Street Partners, LLC in a separate litigation. It is not apparent to the Court how this document is protectable for the generally stated reasons of privilege and confidentiality, nor how Ranburn's defense in that litigation would be harmed by disclosure.